<div style="text-align:center">

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

</div>

| | |
|---|---|
| Deena Lefkovits,<br><br>    Plaintiff,<br><br>vs.<br><br>ACB Receivables Management, LLC<br><br>    Defendant, | DOCKET NO.: 1:15-cv-00175-FB-RLM<br><br><u>Civil Action</u><br><br>NOTICE OF MOTION TO DISMISS |

TO:    Adam Fishbein, Esquire
        483 Chestnut Street
        Cedarhurst, New York 11516
        fishbeinadamj@gmail.com

        **PLEASE TAKE NOTICE** that the undersigned, shall make an application to this Court for an Order Dismissing Plaintiff's Complaint in connection with the above-referenced matter.

        **PLEASE TAKE FURTHER NOTICE** that Plaintiff rely on the attached Brief in support of the within Motion.

<div style="margin-left:50%">

Respectfully submitted,

Philip J. Cohen, Esquire
Kamensky Cohen & Riechelson
194 South Broad Street
Trenton, New Jersey 08608
Pcohen@kcrlawfirm.com
(609) 394-8585

</div>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

Deena Lefkovits, on behalf of herself and
others similarly situated,

No. 15-cv-000175-FB-RLM

Plaintiff,

-against-

**ORAL ARGUMENT REQESTED**

ACB RECEIVABLES MANAGEMENT, INC.

Motion Date:

Defendant.

-------------------------------------------------------------x

DEFENDANT ACB RECEIVABLES MANAGEMENT, INC.'S MEMORANDUM
OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

KAMENSKY COHEN RIECHELSON
Philip J. Cohen, Esq
194 South Broad St.
Trenton, New Jersey 08608
Tel: (609) 394-8585

*ATTORNEYS FOR DEFENDANT*
*ACB RECEIVABLES MANAGEMENT, INC.*

## PRELIMINARY STATEMENT

The gravamen of Plaintiff's frivolous complaint is that she received a debt collection letter which, among other things, advised that is she elected to pay her outstanding debt by credit cards, she may incur additional charges. While there was no allegation set forth in the Complaint that the Plaintiff incurred any additional charges by using a credit card to pay for the outstanding debt, she alleges that the statement is false, deceptive or misleading, although she neglects to explain how or why. The Plaintiff's position, despite the law to the contrary, is that no processing fees of a third party non-debt collector may be assessed. As demonstrated below, Plaintiff's claims fail to state any actionable claim under the Fair Debt Collection Practices Act ("FDCPA"), or, for that matter, any other statute.

## GROUNDS FOR THE MOTION

Defendant ACB Receivables Management, Inc. ("ACB") respectfully submits this memorandum of law in support of its motion for an order dismissing the complaint with prejudice, and/or, to strike the class action allegations. Specifically, ACB moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted, on the grounds that even assuming the sentence from the collection letter was technically false, it is immaterial to any pertinent consideration.

## STATEMENT OF FACTS AND ALLEGATIONS

Accepting as true the allegations of the Complaint, Plaintiff alleges that she is a resident of New York [1] and is a consumer who incurred an alleged debt upon which Defendant ACB was attempting to collect through a letter sent on November 18, 2014. On page two of the November 18,

---

[1] Attached to the complaint is a letter that the Plaintiff alleged was a violation of the FDCPA, which contained the Plaintiff's address as being Lakewood, New Jersey.

2014 letter, it stated, among other things, that "[i]f you wish to pay by credit card, fill in the information below and return. An additional charge will be assessed on all credit card payments." Compl. ¶12.

The Complaint is silent and fails to allege that ACB assessed additional charges or ever received any payment from any assessed charges from the Plaintiff. Rather, the Plaintiff merely alleges that the "notification and collection of 'an additional charge' is unlawful." Compl. ¶13. There was no allegation that the Plaintiff paid any processing fee or that ACB collected any funds from the Plaintiff.

For the reasons which follow, the Complaint should be dismissed.

## ARGUMENT

A. <u>Relevant Standards Applied Under Fed. R. Civ. P. 12(b)(6)</u>

In order to give a defendant fair notice, and to permit early dismissal if the conduct complained of does not satisfy the elements of the cause of action alleged, a complaint must allege, in more than legal boilerplate, those facts about the defendant's conduct giving rise to liability. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a). The factual allegations averred must present a plausible basis for relief ( *i.e.,* something more than the mere possibility of legal misconduct, and more than mere conclusory allegations). *See Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009).

It is axiomatic that as to ACB's motion under Fed. R. Civ. P. 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the Plaintiff. *E.g., Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.,* 140 F.3d 478, 483 (3d Cir. 1998). However, courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint. *See In re Burlington Coat Facto,y Sec. Litig.,* 114 F.3d 1410, 1429 (3d Cir. 1997). Similarly, legal conclusions draped in the guise of factual allegations

may not benefit from the presumption of truthfulness.

In this matter, the Plaintiff sued under the FDCPA, enacted over thirty-five years ago to eliminate *abusive* debt collection practices, as well as to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e).

Plaintiff's lone substantive cause of action fails to state a claim both because the allegedly offending sentence, even if literally or technically false (an issue ACB does not concede, but which is not the subject of this motion directed to the pleadings), cannot as a matter of law be material to any pertinent statutory consideration.

Plaintiff's makes a conclusory claim in paragraphs 13 and 14 that the "notification and collection of 'an additional' charge is unlawful." There was no allegation advanced by the Plaintiff that ACB collected from the Plaintiff any assessed charge, but only that ACB notified the Plaintiff that additional charges may be assessed if payment is elected to be made by credit card.

By its preface, 15 U.S.C. § 1692(f), generally prohibits a "debt collector from using unfair or unconscionable means to collect any debt." 15 U.S.C. § 1692(f). However, courts have not issued any blanket stated that providing notice of potential assessment charges for use of a credit card to pay an outstanding bill violates the FDCPA. Contrarily, courts have held that when additional fees are charged by third party processor and not the debt collector, the FDCPA is not applicable and no violations occur. In addition, where the debtor agrees to the charge, there is no violation. The cases cited by the Plaintiff in her complaint established the Plaintiff's failure to state a violable claim.

The Plaintiff cited in the complaint *Shami v. Nat'l Enter. Sys.* 914 F.Supp 2d 353 (E.D.N.Y. 2012). In *Shami*, the plaintiff claimed that the defendant violated the FDCPA misrepresenting that the

debt collector was entitled to collect charges for payments of debts made by way of the internet and that the debt collector collected the processing fee. The defendant presented evidence that the additional charges were assessed by the payment processing service, not by the defendant. The Court recognized that the 1692(f) only applies to debt collectors and if the fee was collected by a non-debt collector, there would be no violation. 914 F.Supp. 353, 357 (citation omitted). The *Shami* Court established that when the debt collector notifies the debtor of processing fees, which the debtor collector does not charge, there is no viable claim under the FDCPA.

The *Shami* Court also held that even if the least 'sophisticated consumer' could draw the conclusion that the debt collector would apply a processing fee rather than a third-party, the inference drawn would not be material. Whether the debt collector of a third party

> collects the fee for voluntarily using the [processor's] service is immaterial to the consumer, regardless of who the consumer believes is collecting the fees. To hold that even the possibility of an immaterial misassumption on behalf of a consumer could trigger statutory damages would do nothing to advance the aims of the FDPCA. 914 F.Supp. 2d at 361

If the assessed charge for processing payment was a pass-through, then there was no collection and thus no violation of the FDCPA. *Acosta v. Credit Bureau,* 2015 U.S. Dist. LEXIS 55870 (N.Dist. Ill. 2015). Unlike in the instant matter, a case cited by the Plaintiff, *McCutcheon v. Finkelstein, Kern, Steinberg & Cunningham*, 2012 LEXIS 10394 at *4 (M.D. Tenn 2012), the plaintiff alleged in the complaint that the defendant charged the plaintiff an electronic transfer fee. The motion to dismiss the complaint was denied because the "Court does not know about the nature of the underlying judgment, whether Plaintiff authorized service fees, whether a creditor was a party to the transaction, whether FKSC entered into contracts with service providers who merely validated numbers, and obtained authorizations, or whether FKSC charges any fees for card payments. 2012 LEXIS 10394 at*5-6

FDCPA explicitly prohibits " [t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) **unless such amount is expressly authorized by the**

**agreement creating the debt or permitted by law."** 15 U.S.C § 1692f(1) (emphasis added). *Quinteros v. MBI Assocs.*, 999 F. Supp. 2d 434, 438, (E.D.N.Y. 2014) Where there is an agreement for the debt collector to collect processing fee, there is no violation of the FDCPA.

Collection of an assessment fee does not in of itself violate the FDCPA. Assessment fees may legally be charged to the debtor in certain instances. The Plaintiff's complaint mere alleged that it of itself, notice of assessment charges for credit card payments is a violation of the FDCPA is legally inaccurate.

In sum, nothing in the FDCPA provision under which Plaintiff claims it was unfair or unconscionable makes it unlawful for ACB to notify the debtor that assessment apply and there is no claim that ACB ever collected any processing fees from the Plaintiff. Rather, the applicable cases and the cases cited by the Plaintiff establish that there is no violation of the FDCPA where there is notice that a processing fee could apply for payment by a credit card. The complaint fails to allege that ACB received any process fee from credit card payments and that the Plaintiff incurred a processing fee.

## CONCLUSION

For the foregoing reasons, Defendant ACB Receivables Management, Inc. respectfully requests that the Complaint be dismissed.

        KAMENSKY COHEN RIECHELSON

By:   s/ Philip J. Cohen
       Philip J. Cohen
       194 South Broad Street
       Trenton, New Jersey 08608
       (609) 394-8585

*ATTORNEYS FOR DEFENDANT*
*ACE RECEIVABLES MANAGEMENT, INC.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Deena Lefkovits,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ACB Receivables Management, LLC<br><br>　　　　Defendant, | DOCKET NO.: 1:15-cv-00175-FB-RLM<br><br>**Civil Action**<br><br>ORDER |

**THIS MATTER** having been brought before the Court on Motion of Defendant, through their attorneys, Law Offices of Kamensky Cohen & Riechelson, appearing, for an Order Dismissing Plaintiff's Complaint and the Court having reviewed the papers and for good cause having been shown,

**IT IS** on this ____ day of _____, 2015,

**ORDERED** that the Plaintiff's Complaint is Dismissed with prejudice

**IT IS FURTHER ORDERED** that a copy of said Order shall be served upon the Plaintiff within seven days of the date hereof.


Dated:

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Deena Lefkovits,<br><br>  Plaintiff,<br><br>vs.<br><br>ACB Receivables Management, LLC<br><br>  Defendant, | DOCKET NO.: 1:15-cv-00175-FB-RLM<br><br><u>Civil Action</u><br><br>**CERTIFICATION OF SERVICE** |

I, Christina Rossetti, certify as follows:

1. I am a legal assistant employed by the Law Offices of Kamensky Cohen & Riechelson, attorneys for the Defendant in the within matter.

2. On August 31, 2015, at the direction of Philip J. Cohen, Esquire, I caused to be filed electronically a Notice of Motion to Dismiss Plaintiff's Complaint, Memorandum of Law in Support of Motion to Dismiss, proposed form of Order and Certification of Service with the United States District Court for the Eastern District of New York.

3. On August 31, 2015, at the direction of Philip J. Cohen, Esquire, I served via regular mail, one copy of the aforementioned documents to Adam Fishbein, Esquire, 483 Chestnut Street, Cedarhurst, New York 11516.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are false, I am subject to punishment.

*/s/ Christina Rossetti*
Christina Rossetti

Dated: August 31, 2015