JERROLD KAMENSKY, Esq.*
CERTIFIED BY THE SUPREME COURT
OF NEW JERSEY AS A
CIVIL TRIAL ATTORNEY

PHILIP J. COHEN, Esq.*
KEVIN RIECHELSON, Esq.*

THOMAS GOMBAR, Esq.++
MARK D. LADERMAN, Esq *
BRIAN MURPHY, Esq.*

LAURENCE I. TOMAR, Esq.+++★
PHILIP WHITCOMB, Esq.**★

TIMOTHY R. SMITH, Esq.*★
CURT J. COX, Esq.*★

★Of Counsel
\* Member of NJ & PA Bar
\*\* Member of NJ, NY and FL Bar
+ Member of NJ Bar
++ Member of NJ & VA Bar
+++ Member of NJ, PA and NC Bar



**KAMENSKY・COHEN & RIECHELSON**

194 SOUTH BROAD STREET
TRENTON, NEW JERSEY 08608

PHONE: (609) 394-8585 FAX: (609) 394-8620

WEB: WWW.KCRLAWFIRM.COM
EMAIL: INFO@KCRLAWFIRM.COM

**BENSALEM OFFICE**
3237 BRISTOL ROAD, SUITE 104
BENSALEM, PA 19020
(215) 945-0185

**PENNINGTON OFFICE**
2409 PENNINGTON ROAD
PENNINGTON, NJ  08534

**PLEASE REPLY TO TRENTON**

EMail:pcohen@kcrlawfirm.com

September 2, 2015

The Honorable Frederic Block
US District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   RE: **Deena Lefvokits v. ACB Receivables Management**
      **Docket No.:**  **1:15-CV-00175-FB-RLM**
      **Our File No.: 55556101.000**

Dear Judge Block:

  Please be advised that I filed a motion in the above matter to be admitted *pro hac vice* in the above matter. At the time of this correspondence, the motion still remains pending. In the anticipation that the Court will grant the pending motion, it is requested that pursuant to the Court's Motion Practice, request is made for a pre-motion conference. However, if the Court elects to await the outcome of the pending motion before scheduling the pre-motion conference, please advise and I will resubmit the request at a later date.

  The gravamen of Plaintiff's complaint is that she received a debt collection letter which, among other things, advised that if she elected to pay her outstanding debt by credit cards, she may incur additional charges. While there was no allegation set forth in the Complaint that the Plaintiff incurred any additional charges by using a credit card to pay for the outstanding debt, she nevertheless alleged that the statement is false, deceptive or misleading, although she neglects to explain how or why. The Plaintiff's position, despite the law to the contrary, is that no processing fees of a third party non-debt collector may be assessed. It is asserted that the Plaintiff s claim fails to state any actionable claim under the Fair Debt Collection Practices Act ("FDCPA"), or, for that matter, any other statute.

  By its preface, 15 U.S.C. § 1692(f), generally prohibits a "debt collector from using unfair or unconscionable means to collect any debt." 15 U.S.C. § 1692(f). However, courts have not issued any blanket stated that providing notice of potential assessment charges for use of a credit card to pay an outstanding bill violates the FDCPA. Contrarily, courts have held that when additional fees are charged

by third party processor and not the debt collector, the FDCPA is not applicable and no violations occur. In addition, where the debtor agrees to the charge, there is no violation. The cases cited by the Plaintiff in her complaint established the Plaintiff's failure to state a violable claim.

The Plaintiff cited in the complaint *Shami v. Nat'l Enter. Sys.* 914 F.Supp 2d 353 (E.D.N.Y. 2012). In Shami, the plaintiff claimed that the defendant violated the FDCPA misrepresenting that the debt collector was entitled to collect charges for payments of debts made by way of the internet and that the debt collector collected the processing fee. The defendant presented evidence that the additional charges were assessed by the payment processing service, not by the defendant. The Court recognized that the 1692(f) only applies to debt collectors and if the fee was collected by a non-debt collector, there would be no violation. 914 F.Supp. 353, 357 (citation omitted). The *Shami* Court established that when the debt collector notifies the debtor of processing fees, which the debtor collector does not charge, there is no viable claim under the FDCPA.

If the assessed charge for processing payment was a pass-through, then there was no collection and thus no violation of the FDCPA. *Acosta v. Credit Bureau*, 2015 U.S. Dist. LEXIS 55870 (N.Dist. Ill. 2015). Collection of an assessment fee does not in of itself violate the FDCPA. Assessment fees may legally be charged to the debtor in certain instances. The Plaintiff's complaint mere alleged that it of itself, notice of assessment charges for credit card payments is a violation of the FDCPA is legally inaccurate.

In sum, nothing in the FDCPA provision under which Plaintiff claims it was unfair or unconscionable makes it unlawful for ACB to notify the debtor that assessment fee would apply to credit card payments and there is no claim that ACB ever collected any processing fees from the Plaintiff. The complaint fails to allege that ACB received any process fee from credit card payments and that the Plaintiff incurred a processing fee.

KAMENSKY COHEN RIECHELSON

By: _____
Philip J. Cohen, Esquire
ATTORNEYS FOR DEFENDANT
ACB RECEIVABLES MANAGEMENT

PJC:car
Cc:   Adam Fishbein, Esquire